**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **RICHARD FORT,** | ) | **CASE NO. 1:16 CV 962** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **BRIGHAM SLOAN,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Richard Fort, an Ohio prisoner, has filed this action for a writ of *habeas corpus* under 28 U.S.C. §2241. He challenges a state criminal conviction on the ground that the original jury verdict forms cannot be located, and he seeks "to be released from custody."

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §2241 petitions pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

This petition must be summarily dismissed. The petition is not properly brought under §2241. "[R]egardless of the label on the statutory underpinning [used] for [a] petition, habeas petitions of state prisoners are governed by 28 U.S.C. §2254." *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002). Further, the petitioner has already filed a (still pending) §2254 petition challenging the same state conviction. *See Fort v. Sloan*, Case No. 1: 16 CV 551 (N.D. Ohio). The petitioner must seek to raise any contention he has that his custody violates the Constitution or laws of the United States in that case.

Accordingly, petitioner's motion to proceed *in forma pauperis* is granted (Doc. No. 2); his motion to consolidate (Doc. No. 3) is denied; and this habeas petition is summarily dismissed. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    *s/ Dan Aaron Polster*     4/27/2016
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE